UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ALMA CLARISA HERNANDEZ, THERESA WALLEN, RONALD MOORE,<br><br>Plaintiffs,<br><br>v.<br><br>VALLCO INTERNATIONAL SHOPPING CENTER, LLC, et al.<br><br>Defendants. | Case No.: 10-CV-02848-LHK<br><br>ORDER DENYING MOTION TO DISMISS |

Defendant Howard's Shoes for Children, Inc. (Howard's) moves to dismiss the claims asserted against it in this action under Federal Rules of Civil Procedure 12(b)(1), 12(h)(3)[1] and 12(b)(6), based on a lack of subject matter jurisdiction. Howard's argues that plaintiff Ronald Moore has failed to sufficiently allege standing to sue under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12181 *et seq*. For the reasons set forth below, Howard's motion is DENIED. The hearing on this motion set for March 17, 2011 at 1:30 p.m. is hereby VACATED.

I. INTRODUCTION

Plaintiffs Alma Clarisa Hernandez, Theresa Wallen, and Ronald Moore (Plaintiffs) filed a complaint on June 29, 2010, alleging violations of Title III of the ADA and related California law

---

[1] Rule 12(h)(3) states "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Because defendant's motion under Rule 12(b)(1) is for dismissal based on lack of subject matter jurisdiction, Rules 12(h)(3) and 12(b)(1) present the same question here and, for ease of reference, the Court refers only to Rule 12(b)(1) hereafter.

1

Case No.: 10-CV-02848-LHK
ORDER DENYING MOTION TO DISMISS

1    claims. These claims were asserted against a large number of business entities located at the
2    Vallco Shopping Mall, on North Wolfe Road in Cupertino, California. *See* Dkt. No. 1 (Compl.).
3    On July 27, 2010, Plaintiffs filed a First Amended Complaint (FAC). *See* Dkt. No. 90. On
4    December 14, 2010, having obtained leave of court, Plaintiffs filed a Second Amended Complaint
5    (SAC). *See* Dkt. No. 180.

6    The SAC alleges that the Plaintiffs are physically disabled. Regarding Moore, the SAC
7    states that he "was diagnosed with hydrocephalus, degenerative disc disease of the lower back,
8    cervical radiculopathy, B knee arthritis and chronic pain syndrome since 2002 and requires the use
9    of a wheelchair when traveling about in public." SAC ¶ 46. Plaintiffs allege that they have been
10   deterred from visiting the Vallco Shopping Mall because of various alleged barriers which prevent
11   them from enjoying the goods and services available there.

12   Regarding defendant Howard's, Moore alleges that the barriers there included the
13   following: "Signage containing the International Symbol of Accessibility is not located at the
14   public entrance to the facility; Carpet or carpet tiles are not securely attached; Exposed edges of
15   carpet are not fastened to floor surfaces and do not have trim along the entire length of the exposed
16   edge; The maximum forward reach height from the floor surface exceeds 48"; The height of
17   counter/cashier register exceeds 34" from the floor." SAC ¶ 118. Moore alleges that these barriers
18   prevented him from enjoying full and equal access at Howard's. *Id*. He states that he "would
19   return to the Facility if the ADA violations were remedied but presently continues to be deterred
20   from visiting the Howard's Shoes Facility because of the future threats of injury created by these
21   barriers." *Id*. at ¶ 119. Based on these allegations, Moore asserts claims under Title III of the
22   ADA and related state law claims against Howard's.

23   In challenging Moore's standing to bring these claims, Howard's has submitted a
24   declaration indicating that Moore resides in Fresno County, which Howard's argues is about 160
25   miles from the Vallco Shopping Mall. *See* Mot. at 8; Link Decl. ISO Motion, Ex. A (Civil Cover
26   Sheet dated August 13, 2009, *Moore v. Catalina Restaurant Group, Inc.,* No. 09-cv-01423; Civil
27   Cover Sheet dated December 3, 2010, *Moore v. California Teriyaki Don, LLC,* No. 10-cv-02247).
28

2
Case No.: 10-CV-02848-LHK
ORDER DENYING MOTION TO DISMISS

Howard's has also submitted a list of fifty-three other cases brought by Moore and asserting ADA claims. *See* Link Decl. Ex. B.[2]

In response to these submissions, Moore has submitted a declaration representing the following. For over six years, Moore resided in Los Gatos and San Jose. *See* Moore Decl. ISO Opp'n at ¶ 3. During this time, he frequently visited the Vallco Shopping Center, and became accustomed to shopping there. *Id*. Moore visits his brother and his brother's family in "the Los Gatos area" approximately once per month, more than fifteen times per year. *Id*. at ¶ 4. Moore also travels to Palo Alto to receive medical treatments at the Stanford Hospital twice a year. *Id*. at ¶ 4. He has nine grandchildren, and frequently buys them toys, clothes and shoes. *Id*. at ¶ 5. Moore states that Howard's carries difficult-to-find children's shoes that suit his and his grandchildren's needs and tastes. *Id*. ¶ 6. Specifically, he states that Howard's carries a wide variety of different sizes of shoes, and a large selection of "dressy" children's shoes. Moore says he will continue to shop at Howard's as long as he has grandchildren. *Id*. at ¶ 9.

## II. LEGAL STANDARD

### a. 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). In deciding whether the plaintiff has stated a claim, the Court must assume the plaintiff's allegations are true and draw all reasonable inferences in the plaintiff's favor. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

---

[2] A court "may take judicial notice of matters of public record outside the pleadings." *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986). Moore does not object to the Court's consideration of Exhibits A and B to the Link Declaration. Accordingly, the Court takes notice of the Civil Cover Sheets and the list of court filings, as they are matters of public record. The other exhibits submitted by Howard's, a website apparently published by the Vallco Shopping Mall and a newspaper article, were submitted to demonstrate information that is already of record in this case (namely, that Howard's sells children's shoes, and that Moore is not a child). Therefore, the Court finds these exhibits to be irrelevant and does not consider them in determining this motion. Plaintiff's objections to these exhibits are therefore moot.

3

Case No.: 10-CV-02848-LHK
ORDER DENYING MOTION TO DISMISS

United States District Court
For the Northern District of California

However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Leave to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Lucas v. Dep't. of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

b.  12(b)(1)

Under Federal Rule of Civil Procedure 12(b)(1), a district court may dismiss a complaint for lack of subject matter jurisdiction. "When subject matter jurisdiction is challenged under [Rule] 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion. A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment." *Tosco Corp. v. Communities for a Better Env't,* 236 F.3d 495, 499 (9th Cir. 2001) (citations and internal quotations omitted).

Rule 12(b)(1) challenges may be either "facial" or may be brought as a "speaking motion." In evaluating a facial attack, the court looks only to the pleadings. *Doe v. Holy See,* 557 F.3d 1066, 1073 (9th Cir. 2009). However, if defendant submits materials outside the pleadings, this converts the motion to a "speaking" motion. "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage v. Glendale Union High Sch. Dist. No. 205,* 343 F.3d 1036, 1040 (9th Cir. 2003) (internal citations omitted).

III. APPLICATION

a.  12(b)(6) Failure to State a Claim

Howard's argues that Moore has not alleged sufficient facts to establish standing to sue under the ADA. In support of its argument, Howard's relies on the same arguments it advances in support of its Rule 12(b)(1) attack on plaintiff's standing (discussed below). *See* Mot. at 6. Thus,

4

Case No.: 10-CV-02848-LHK
ORDER DENYING MOTION TO DISMISS

Howard's has not clearly asserted a separate legal argument attacking Moore's standing under Rule 12(b)(6) (rather than Rule 12(b)(1)). Even if it had, however, the argument is not successful.

> The ADA states that unlawful discrimination occurs when features of an accommodation subject an individual or class of individuals on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, to a denial of the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity.

42 U.S.C. § 12182(b)(1)(A)(i).

To allege standing to sue, a plaintiff must demonstrate that he has suffered an injury-in-fact (meaning that it is both concrete and particularized as well as actual or imminent), that the injury is traceable to the defendant's acts, and that the injury can be redressed by a favorable decision. *See Chapman v. Pier 1 Imports, Inc.*, No. 07-16326, 2011 U.S. App. LEXIS 453 at *10 (9th Cir. Jan. 7, 2011). Howard's argues that plaintiff has failed to sufficiently allege the first and third elements of standing, imminent injury and redressability. Regarding injury-in-fact, Howard's argues that because Moore is an adult and Howard's sells only children's shoes, the Court should not credit his allegation that he wants to shop at Howard's, because he cannot buy shoes for himself there. Therefore, Howard's argues, Moore faces no imminent injury because he has no real intention of patronizing the store. Regarding redressability, Howard's makes essentially the same argument: that because Moore has no sincere intention of returning to the store, any curative measures Howard's might take would not benefit Moore.

While there is limited Ninth Circuit authority addressing a 12(b)(6) challenge to a plaintiff's standing under Title III of the ADA (and Howard's cites to none), many cases examining standing at the summary judgment or later phases support the conclusion that Moore has alleged sufficient facts to meet all three standing elements. In the SAC, Moore states that he encountered specific barriers at Howard's. These barriers include uneven carpeting, excessive forward reach height, and excessive counter height. Because Moore requires use of a wheelchair, these barriers prevent him from "enjoying full and equal access" at Howard's. He also asserts that he intends to return to Howard's when the barriers are removed. In the context of a Rule 12(b)(6) challenge, these

5
Case No.: 10-CV-02848-LHK
ORDER DENYING MOTION TO DISMISS

1    allegations must be taken as true. Under Ninth Circuit law, Moore hasسufficiently alleged facts
2    indicating that he has met all three standing elements.

3    The Ninth Circuit has held that "allegations that a plaintiff has visited a public
4    accommodation on a prior occasion and is currently deterred from visiting that accommodation by
5    accessibility barriers establish that a plaintiff's injury is actual or imminent." *Doran v. 7-Eleven,*
6    *Inc.,* 524 F.3d 1034, 1040 (9th Cir. 2008). Therefore, Moore's allegations that he encountered
7    barriers at Howard's and is deterred from returning to Howard's by these barriers satisfies the
8    "actual injury" requirement. Likewise, the Ninth Circuit has found that a plaintiff has satisfied the
9    standing requirements, even if she lives far away from the defendant business, when she has
10   alleged an intent to return to the area and a desire to patronize the defendant. *See D'Lil v. Best*
11   *Western Encina Lodge & Suites,* 538 F.3d 1031, 1037 (9th Cir. 2008) (evaluating the imminent-
12   injury requirement of standing, while noting that it was not contested that the redressability
13   requirement had been met, after trial). Howard's cites *Hoepfl v. Barlow,* 906 F. Supp. 317, 321
14   (E.D. Va. 1995) in support of its argument. In this case, the plaintiff could not demonstrate
15   redressability because her injury occurred in the past and would not be repeated. *Id*. In contrast,
16   Moore has alleged that the cited barriers deter him from returning to Howard's, but that he will do
17   so if the barriers are removed. In light of Moore's allegations that the ADA violations at Howard's
18   present barriers to his enjoyment of the place, and that the removal of these barriers would permit
19   him to visit Howard's without hindrance, the Court finds that Moore has adequately alleged
20   redressability.

21         b.   12(b)(1) Standing

22   Because the parties have submitted evidence, Howard's 12(b)(1) motion is a "speaking"
23   motion. Therefore, the Court considers whether Moore has carried his burden to establish standing
24   through the facts presented in his declaration. The Court finds that Moore has adequately carried
25   this burden.

26   As outlined above, Howard's argues that Moore has no real intention to shop for children's
27   shoes, and that this makes it impossible for him to allege both injury-in-fact and redressability.
28   Howard's relies on the facts that: (a) Moore lives 160 miles from the Vallco Shopping Mall and is

6
Case No.: 10-CV-02848-LHK
ORDER DENYING MOTION TO DISMISS

1   therefore unlikely to visit the mall; (b) Moore is an adult and as a result cannot purchase shoes for
2   his own use at Howard's, which sells only children's shoes; and (c) Moore is a plaintiff in over 50
3   cases alleging Title III ADA violations, and therefore the Court should not credit his claims of
4   interest in the Vallco Shopping Mall or in Howard's.

5   The Court finds that Moore has successfully rebutted the negative inferences Howard's
6   draws from the above through his own declaration. Moore's declaration establishes that despite the
7   distance between his present address and the Vallco Shopping Mall, he previously lived near the
8   mall and enjoyed shopping there. Moore states that he visits the region around the Vallco
9   Shopping Mall monthly to visit family and for medical appointments. He further states that he has
10  an interest in shopping at Howard's because he likes to buy shoes and accessories for his
11  grandchildren there.

12  The Ninth Circuit has held that supplemental allegations very similar to the ones Moore
13  makes here are sufficient to survive a summary judgment motion for lack of standing. For
14  example, a plaintiff who lived nearly 400 miles away from a Santa Barbara hotel sufficiently
15  alleged standing when she demonstrated that she visited the Santa Barbara area 1-3 times per year,
16  had stayed at the hotel once in the past, and desired to stay again due to the hotel's amenities and
17  proximity to the downtown area. *D'Lil*, 538 F.3d 1031 at 1038. This testimony established that
18  the plaintiff had an intent to return to the hotel at the time the complaint was filed, and therefore
19  that she had an "actual or imminent" injury sufficient for standing. *Id*. at 1039. Howard's relies on
20  *Harris v. Stonecrest Care Auto Ctr., LLC,* 472 F. Supp. 2d 1208, 1216 (S.D. Cal. 2007), but this
21  case is distinguishable. In *Harris*, the plaintiff lived hundreds of miles from the defendant gas
22  station, and had articulated no definite plans to return to the area. *Id*.

23  In *D'Lil*, the Ninth Circuit warned against drawing negative inferences of the sort urged by
24  Howard's based on serial ADA suits brought by disabled plaintiffs: "The attempted use of past
25  litigation to prevent a litigant from pursuing a valid claim in federal court warrants our most careful
26  scrutiny. This is particularly true in the ADA context where . . . the law's provision for injunctive
27  relief only removes the incentive for most disabled persons who are injured by inaccessible places
28  of public accommodation to bring suit . . . ." *D'Lil*, 538 F.3d at 1040 (internal citations and

7
Case No.: 10-CV-02848-LHK
ORDER DENYING MOTION TO DISMISS

1  quotations omitted) (reversing the district court's adverse credibility determination regarding the
2  plaintiff's intent to return to the defendant business, which was based on the large number of ADA
3  suits filed by plaintiff, in light of the "specific reasons" plaintiff identified for desiring to return to
4  Santa Barbara).

5  In sum, the Court concludes that, at this phase of the litigation, Moore has sufficiently
6  alleged facts supporting his standing to bring Title III ADA claims against Howard's.

IV. CONCLUSION

For the foregoing reasons, Howard's motion is DENIED.  The hearing on this motion set for March 17, 2011 at 1:30 p.m. is hereby VACATED.

IT IS SO ORDERED.

Dated: March 14, 2011

_____
LUCY H. KOH
United States District Judge

8
Case No.: 10-CV-02848-LHK
ORDER DENYING MOTION TO DISMISS